## SMITH v. WALKER et al.

*(Superior Court of New York City, General Term. January 7, 1889.)*

1. TAXATION—NOTICE TO REDEEM FROM SALE—TIME OF GIVING.
   A notice to redeem from tax-sale must be served upon the owner of the premises, and upon the person in actual possession, after the execution and delivery of the tax-sale lease. Service before such delivery is premature and ineffective. Following Donahue v. O'Conor, 45 Super. Ct. Rep. 301.

2. SAME—SALE—DESCRIPTION OF PROPERTY.
   Where the pamphlet containing a catalogue of the property advertised to be sold for taxes contains no other description than the designation of a number on a map, which map merely gives the bounds of the property, the sale is void.

Appeal from trial term.

Ejectment by Morris H. Smith against John Walker, receiver, et al. The court directed a verdict for defendants, and plaintiff appeals.

Argued before INGRAHAM and FREEDMAN, JJ

John Townshend, for appellant. Carlisle Norwood, Jr., for respondents.

INGRAHAM, J. This is an action of ejectment, based upon a lease given by the city and county of New York, on a sale for non-payment of taxes. The lease is dated on the 26th day of December, 1883. The property was sold December 24, 1881, and, from the record of the finance department introduced in evidence, it is stated that the lease was delivered November 15, 1884. There is no other evidence as to the time when the lease to plaintiff was actually delivered. There is evidence that this delivery refers to the date of the confirmation of the lease by the comptroller's certificate of being satisfied that there had been no redemption, and that notice had been served on the owner. The notice to redeem was served on the 14th of February, 1884, and there is no evidence to show that the lease in question was actually delivered to plaintiff prior to that time. It was held in the case of Donahue v. O'Conor, 45 Super. Ct. Rep. 301, that the service of the notice before the delivery of the lease was premature and ineffective; that the title of the purchaser at the sale is only complete after service of the notice required by section 13, and proof thereof has been made and filed as provided in section 15; and that, as no such notice had been served on the owners of the property, he was not barred of his rights

in and to the premises, and his right to pay the taxes and redeem the land was wholly unaffected.  It is clear that the land sold was not conveyed to the purchaser until the execution and delivery of the lease, and until the lease was actually delivered the conveyance was not complete, and under the decision before cited the notice to redeem, to be effectual, must be served after the conveyance on the person in the actual occupancy of the premises, and upon the person owning the property so conveyed.

We are also of the opinion that the property was not sufficiently described in the pamphlet containing the catalogue of the property advertised to be sold. The pamphlet is to contain a particular and detailed description of the property to be sold.  Something else is necessary than a mere number of a map, which describes the bounds of a particular piece of property, but which contains no other description of the property.  This is especially true when, by the appearance of the map itself, the exact bounds of the property are uncertain.  In the pamphlet, as offered in evidence, there is a column left, which is headed "Description."  In that column, however, no entries were made, and whether there was a building of any kind upon the property was not disclosed.  For these reasons we think the plaintiff failed to make out a cause of action, and the judgment should be affirmed, with costs.

In reference to the case of *Franklin* v. *Pearsall*, 53 Super. Ct. Rep. 274, we wish to state that it was not intended to decide that a tax-warrant was void, unless signed by the mayor or recorder.  The judgment in that case was affirmed, on the opinion of the referee, by a majority of the court.  That opinion does not expressly hold that, under the statute, a tax-warrant was void unless signed by the mayor or recorder, and the decision was not put upon that ground by the referee.  That point was not pressed upon the attention of the court, nor was it considered in the decision of the case.

FREEDMAN, J.  I agree to affirm on the second ground stated in the foregoing opinion.  I also concur in the remarks made concerning the decision of the case of *Franklin* v. *Pearsall*.